# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILAGROS SANDOVAL,<br><br>   Plaintiff,<br><br>   v.<br><br>RED ROBIN INTERNATIONAL, INC,<br>a Nevada corporation, d.b.a. Red Robin<br>Burger and Spirits Emporiums, and<br>DOES 1 through 20, inclusive,<br><br>   Defendants. | 1:11-CV-206  AWI DLB<br><br><br>ORDER REMANDING CASE<br>TO THE FRESNO COUNTY<br>SUPERIOR COURT |

   This is an employment discrimination case that was removed by Defendant Red Robin International, Inc. from the Fresno County Superior Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff Milagros Sandoval alleges six state law causes of action. Sandoval has pled no dollar amount for her damages.

   A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009); Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).  It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden

of establishing the contrary rests upon the party asserting jurisdiction.  Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).  When a case is removed on the basis of diversity jurisdiction, and the complaint is ambiguous as to the amount in controversy, the proponent must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1998).  The proponent must actually provide evidence that establishes that it is more likely than not that the amount in controversy exceeds $75,000.  Guglielmino, 506 F.3d at 699; Sanchez, 102 F.3d at 404.  "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court."  Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance."  Geographic Expeditions, 599 F.3d at 1107; Gaus, 980 F.2d at 566.  "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001).  Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary."  Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997).

In the instant case, Red Robin has not met its burden.  The only evidence submitted by Red Robin regarding the amount in controversy was Sandoval's complaint.  There are multiple causes of action, and Sandoval seeks economic damages, emotional distress damages, punitive damages, and attorneys fees.[1]  However, these causes of action all stem from her termination allegedly due to pregnancy in mid-April 2009.  The complaint indicates that Sandoval has mitigated her damages by seeking and performing alternative employment.  Additionally, it seems unlikely that Sandoval would have worked full time during the entirety of her nine-month pregnancy.  Red Robin asserts, without any supporting evidence, that Sandoval would be entitled to $25,000 in lost earnings and benefits (based on a wage of $10/hour and $19,200/year).  Accepting *arguendo* the $25,000 figure, Sandoval would not have worked the entirety of the year

---

[1] Sandoval's prayer includes a request for injunctive relief, but the complaint does not describe what injunctive relief is requested.

2

and she has mitigated, thus lost wages and benefits would likely be less than $25,000. There are no other figures or evidence available to the Court. Even considering the types of damages requested, there is no evidence regarding the potential amounts and thus, there is doubt whether there is in excess of $75,000 in controversy.

When there is doubt over the amount in controversy, federal question jurisdiction must be rejected and the case must be remanded for want of jurisdiction. See 28 U.S.C. § 1447(c); Geographic Expeditions, 599 F.3d at 1107; Bruns, 122 F.3d at 1257; Gaus, 980 F.2d at 566. Because it does not have subject matter jurisdiction, the Court will follow its mandatory obligation and remand this case to the Fresno County Superior Court.

Accordingly, IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 1447(c), this case be REMANDED forthwith to the Fresno County Superior Court.

IT IS SO ORDERED.

Dated:   February 16, 2011                             _____
                                                      CHIEF UNITED STATES DISTRICT JUDGE